UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GERARD SAGLIOCCA,

                    Plaintiff,

  -against-                                      1:05-CV-1141
                                                      (LEK/DRH)
GENNARO SAGLIOCCA,

                    Defendant.

**DECISION AND ORDER**

Plaintiff Gerard Sagliocca ("Plaintiff") has brought this matter claiming breach of contract and unjust enrichment by Defendant Gennaro Sagliocca ("Defendant"). See Complaint (Dkt. No. 1). Plaintiff and Defendant are brothers, and the sons of Ciro Sagliocca who is deceased ("Decedent"). Id. at ¶¶ 7, 14. Defendant borrowed the sum of four hundred and twenty-one thousand three hundred and twenty-two dollars and ninety-three cents ($421,322.93) from Decedent for the start of Defendant's medical practice in Florida. Id. at ¶¶ 7-8. Defendant made certain payments on the loan, but refused to make additional payments upon demand by Decedent, and ceased payments upon the death of Decedent. Id. at ¶¶ 9-12, 14. Decedent assigned all rights to Plaintiff, for good and valuable consideration, prior to Decedent's death. Id. at ¶ 13. Plaintiff now seeks judgment in this Court. Id. Defendant has, in turn, filed a Motion seeking dismissal for lack of subject matter jurisdiction (pursuant to FED. R. CIV. P. 12(b)(1)), or in the alternative an order staying the Federal matter until proceedings are concluded in the Albany County Surrogate's Court. See Deft's Motion (Dkt. No. 8). Plaintiff opposes Defendant's Motion (see Dkt. Nos. 11-13), and Defendant has submitted a Reply to Plaintiff's opposition papers (see Dkt. No. 14).

1

Decedent's estate is currently in the Albany County Surrogate's Court, as Defendant is seeking to have Decedent's last will and testament probated, and the assignment declared null and void - Defendant is challenging the assignment as Plaintiff's wrongful procurement of Decedent's assets only a short time before death. See Deft's Affid. (Dkt. No. 8, Attach. 5) at ¶¶ 13-14. Defendant is claiming the "probate exception" to diversity jurisdiction. See Deft's Mem. of Law (Dkt. No. 8, Attach. 2).

> [T]he Supreme Court has held that "probate matters" are excepted from the scope of federal diversity jurisdiction, "the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789... which is that of the English Court of Chancery in 1789, did not extend to probate matters."... We have described the jurisdictional exception recognized in *Markham* as "'too well established a feature of our federal system to be lightly discarded.'"...
>
> A two-part inquiry is used to determine whether a particular lawsuit implicates "probate matters" such that the probate exception to federal diversity jurisdiction applies. An affirmative answer to either prong requires that the case be dismissed from federal court for lack of subject matter jurisdiction. First, is the federal district court sitting in diversity being asked to directly probate a will or administer an estate? These functions are "purely probate" in character and are considered to be categorically outside the jurisdiction of the federal courts.... Of course, since few practitioners would be so misdirected as to seek, for example, letters testamentary or letters of administration from a federal judge, the first prong of the probate exception is rarely, if ever, violated.
>
> On the other hand, it would not at all be surprising for a diversity action filed in federal district court to be indirectly related to the probate of a will or the administration of an estate.... In respect of lawsuits that are "probate-related" rather than purely probate in character, the Supreme Court has found that some but not all such suits fall categorically within the probate exception.... Thus, the second prong of the probate exception asks whether entertaining the action would cause the federal district court to "interfere with the probate proceedings or assume general jurisdiction of the probate or control of property in the custody of the state court."... Only in those three enumerated situations must a probate-related case be dismissed from federal court for lack of subject matter jurisdiction.... This "interference prong" is in practice the workhorse of the probate exception.

Moser v. Pollin, 294 F.3d 335, 340 (2d Cir. 2002) (citing and quoting, *inter alia*, Markham v. Allen, 326 U.S. 490, 494 (1946); Ashton v. Josephine Bay & C. Michael Paul Found., Inc., 918 F.2d 1065,

1071 (2d Cir. 1990); <u>Dulce v. Dulce</u>, 233 F.3d 143, 145 (2d Cir. 2000)).

Upon review of the submissions by the parties, and the record in this matter, the Court finds that Defendant is correct that if this Court were to render a decision on Plaintiff's claims that decision would "interfere with the probate proceedings". Ruling on Plaintiff's claims would interfere with the Surrogate's authority to both conduct probate and determine whether the assignment was an improper distribution of assets in contemplation of death, and would interfere with the Surrogate's administration of the estate. This Court lacks subject matter jurisdiction to entertain Plaintiff's claims, Defendant's Motion is granted, and this case is dismissed. Thus, the Court will not consider Defendant's alternative request for a stay, as that request is now moot.

Therefore, based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   September 28, 2006
         Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge